# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II | CIVIL ACTION NO: |
| **Plaintiff** | **COMPLAINT** |
| vs. | RE:<br>535 Goodwins Mills Road, Dayton, ME 04005 |
| Janice Geaumont | Mortgage:<br>January 25, 2007<br>Book 15075, Page 0730 |
| **Defendant**<br>Charter One, a division of RBS Citizens, N.A. | **VACANT PROPERTY** |
| **Party-In-Interest** | |

NOW COMES the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendant, Janice Geaumont, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II, in which Eugene Geaumont, is the obligor and the total amount owed under the terms of the Note is Three

Hundred Seventeen Thousand Five Hundred Forty-Eight and 82/100 ($317,548.82) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II is a national association, incorporated in Delaware with its principal place of business located in Ohio.

5. The Defendant, Janice Geaumont, is a resident of Sanford, County of York and State of Maine.

6. The Party-in-Interest, Charter One, a Division of RBS Citizens, N.A. n/k/a Citizens Bank, National Association, is located at One Citizens Plaza, Providence, RI 02903.

## FACTS

7. On February 2, 2007, by virtue of a Warranty Deed from Lyla G. Kyriazi, which is recorded in the York County Registry of Deeds in **Book 15079, Page 926**, the property situated at 535 Goodwins Mills Road, City/Town of Dayton, County of York, and State of Maine, was conveyed to Eugene Geaumont and Janice Geaumont, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

8. On January 25, 2007, Eugene Geaumont, executed and delivered to Challenge Financial Investors Corp., a Florida Corporation a certain Note under seal in the amount of $185,000.00. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

9. To secure said Note, on January 25, 2007, Janice Geaumont and Eugene Geaumont executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems, Inc., as nominee for Challenge Financial Investors Corp., securing the property located at 535 Goodwins Mills Road, Dayton, ME 04005 which Mortgage Deed is recorded in the York County Registry of Deeds in **Book 15075**, **Page 0730**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

10. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

11. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II, is the lawful holder and owner of the Note and Mortgage.

12. Charter One, a division of RBS Citizens, N.A. is a Party-in-Interest pursuant to a Mortgage in the amount of $16,300.00 dated September 23, 2008, and recorded in the York County Registry of Deeds in **Book 15502**, **Page 0519** and is in second position behind Plaintiff's Mortgage.

13. Upon information and belief, on July 3, 2010, Eugene Geaumont, passed away.

14. The total debt owed under the Note and Mortgage as of January 26, 2021 is Three Hundred Seventeen Thousand Five Hundred Forty-Eight and 82/100 ($317,548.82) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $167,094.62 |
| Interest | $74,689.10 |
| Escrow/Impound Required | $39,478.82 |
| Late Fees | $3,075.30 |
| Total Advances | $32,558.91 |
| Deferred Amounts | $781.12 |
| Funds to be Credited | $-129.05 |
| Grand Total | $317,548.82 |

*See* Exhibit D (a true and correct copy of the payoff calculation).

15. Upon information and belief, the Defendant, Janice Geaumont, is not presently in possession of the subject property originally secured by the Mortgage.

16. The Defendant, Janice Geaumont, is not in the Military. *See* Exhibit E (a true and correct copy of the Affidavit Relating to Military Search).

## COUNT I – QUANTUM MERUIT

17. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II, repeats and re-alleges paragraphs 1 through 16 as if fully set forth herein.

18. Challenge Financial Investors Corp., a Florida Corporation, predecessor-in-interest to U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II, loaned Defendant, Eugene Geaumont, $185,000.00. *See* Exhibit B.

19. As a result of the Defendant Janice Geaumont's failure to perform under the terms of the obligation, the Defendant, should be required to compensate the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II since the Defendant did not sign the note the Plaintiff only seeks an in rem judgment against the subject property.

20. As such, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II, is entitled to relief under the doctrine of *quantum meruit.*

## COUNT II – UNJUST ENRICHMENT

21. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II, repeats and re-alleges paragraphs 1 through 20 as if fully set forth herein.

22. Challenge Financial Investors Corp., a Florida Corporation, predecessor-in-interest to U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II, loaned the Defendant, Eugene Geaumont, $185,000.00. *See* Exhibit B.

23. The Defendant, Janice Geaumont is not personally liable and accordingly, this action does not seek personal liability on the part of the Defendant, but only seeks in rem judgment against the property, has failed to repay the loan obligation including any and all advancements made by the Plaintiff which benefited the property and the Defendant.

24. As a result, the Defendant, Janice Geaumont has been unjustly enriched to the detriment of the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II as successor-in-interest to Challenge Financial Investors Corp., a Florida Corporation by having received the aforesaid benefits and money and not repaying said benefits and money.

25. As such, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II, is entitled to relief.

## COUNT III – EQUITABLE MORTGAGE

26. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II, repeats and re-alleges paragraph 1 through 25 as if fully set forth herein.

27. The intent of Janice Geaumont and Eugene Geaumont, and the original lender, Challenge Financial Investors Corp., a Florida Corporation on January 25, 2007, was to create a mortgage on the property commonly known as and numbered as 535 Goodwins Mills Road, Dayton, ME 04005.

28. This intent is shown by the execution of a Promissory Note dated January 25, 2007 to Challenge Financial Investors Corp., a Florida Corporation, in the amount of $185,000.00.

29. The value given at the time of the transaction was $185,000.00, which was significantly below the property's value at that time, clearly indicating that it was the intent of the Janice Geaumont and Eugene Geaumont, and Challenge Financial Investors Corp., a Florida Corporation on the date of the transaction, January 25, 2007, that a mortgage be granted on the subject property.

30. The aforesaid Promissory Note specifically references 535 Goodwins Mills Road, Dayton, ME 04005 as the "Property Address".

31. In addition to the aforesaid Promissory Note, Janice Geaumont and Eugene Geaumont, also executed a Mortgage on January 25, 2007, which particularly referenced exactly the same property address of 535 Goodwins Mills Road, Dayton, ME 04005, which was referenced on the aforesaid Promissory Note.

32. The aforesaid Mortgage is arguably unenforceable under current Maine Law pursuant to the *Greenleaf* decision, et al. *See, Bank of America, N.A. v. Greenleaf*, 2014 ME 89, 96 A.3d 700 (Me. 2014; *Federal National Mortgage Association v. Deschaine*, 2017 Me. 190, 170 A.3d 230 (Me 2017; *Pushard v. Bank of America N.A.*, 175 A.3d 103, 2017 ME 230 (Me. 2017).

33. This defect is not related to the original execution of the documents, nor the intent of Janice Geaumont and Eugene Geaumont, or Challenge Financial Investors Corp., a Florida Corporation, but is due to the chain of title for the aforesaid mortgage under Greenleaf and 33 M.R.S. § 508.

34. The issue of an equitable mortgage (or other equitable remedies) is not addressed by *Greenleaf*, or its progeny: *see, Deschaine*, Fn 2, Fn 4, *Pushard*;Fn 14.

35. It was the intent of Eugene Geaumont, and Challenge Financial Investors Corp., a Florida Corporation, at the time of the transaction, as to the Note, that is controlling as to the Court's interpretation of the imposition of an equitable mortgage.

36. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II, is the owner and holder of the subject Promissory Note.

37. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II, is the owner of the equitable interest in the aforesaid mortgage but may arguably not be the record owner of said mortgage under the *Greenleaf* decision.

38. Equity requires that "what ought to have been done has been done". *See, Smith v. Diplock*, 127 Me. 452, 144 A.383, 386 (Me 1929).

39. When it is the intent of the parties, at the time of the transaction, that there be a mortgage "[t]he real intent governs". *See, Stinchfield v. Milliken*, 71 Me. 567, 570 (1880).

40. The agreement, as memorialized in the various documents referenced herein constitutes an equitable mortgage.

41. For justice to be served, and under the facts and circumstances of this matter, the Court should, and must, impose an equitable mortgage upon the property.

42. The Court's imposition of an equitable mortgage should be under, and pursuant to the statutory terms of applicable Maine Law, including, but not limited to, the rights of redemption, etc. *See, Seaman v. Seaman*, 477 A2d 734 (Me. 1984).

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II, prays this Honorable Court:

a) Enter an in rem judgment against the subject property under the theory of Quantum Meruit;

b) Find that the Defendant, Janice Geaumont, is not personally liable and accordingly, this action does not seek personal liability on the part of the Defendant, but only seeks in rem judgment against the property under a theory of unjust enrichment;

c) Find that by virtue of the value retained by the Defendant, Janice Geaumont has been unjustly enriched at the Plaintiff's expense and while the Defendant does not have any personal liability the Plaintiff is entitled to an in rem judgment against the subject property;

d) Find that such unjust enrichment entitles the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II, to restitution in the form of an in rem judgment against the subject property;

e) Find that the Defendant, Janice Geaumont is not personally liable and accordingly, this action does not seek personal liability on the part of the Defendant, but only seeks in rem judgment against the property, is liable to the Plaintiff for quantum meruit;

f) Find that the Defendant, Janice Geaumont is not personally liable and accordingly, this action does not seek personal liability on the part of the Defendant, but only seeks in rem

judgment against the property, has appreciated and retained the benefit of the Mortgage and the subject property;

g) Find that it would be inequitable for the Defendant, Janice Geaumont to continue to appreciate and retain the benefit of the Mortgage, Note and subject property without recompensing the appropriate value;

h) Grant an equitable mortgage against the subject property, impose the statutory timelines under Maine law and allow the Plaintiff a judgment of foreclosure and sale;

i) Find that the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II, is entitled to restitution for this benefit from the Defendants, Janice Geaumont and Eugene Geaumont;

j) Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

k) Additionally, issue a money judgment against the Defendant, Janice Geaumont, is not personally liable and accordingly, this action does not seek personal liability on the part of the Defendant, but only seeks in rem judgment against the property, and in favor of the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II, in the amount of Three Hundred Seventeen Thousand Five Hundred Forty-Eight and 82/100 ($317,548.82) Dollars, the total debt owed under the Note plus interest and costs including attorney's fees and costs;

l) For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II,
By its attorneys,

Dated: February 3, 2021

/s/ John A. Doonan, Esq.
John A. Doonan, Esq., Bar No. 3250
Reneau J. Longoria, Esq., Bar No. 5746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC

100 Cummings Center, Suite 225D
Beverly, MA 01915
(978) 921-2670
JAD@dgandl.com
RJL@dgandl.com